

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-1995

# Secretary of Labor v Compton

Precedential or Non-Precedential:

Docket 93-2019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Secretary of Labor v Compton" (1995). *1995 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 93-2019
_____

ROBERT B. REICH, Secretary of the
United States Department of Labor,
Appellant

v.

FRED COMPTON, JOSEPH McHUGH, JOHN NIELSON,
FREDERICK HAMMERSCHMIDT, GERSIL N. KAY, THE FIDELITY-PHILADELPHIA
TRUST COMPANY, and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, LOCAL UNION NO. 98,
Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 88-7920)
_____

ORDER AMENDING OPINION
_____


Present:  BECKER, ALITO, and GIBSON,* <u>Circuit Judges</u>:


     IT IS ORDERED THAT the opinion in the above matter is

hereby amended as follows:

     1.  The following text on page 33 is deleted:
     We know of no way, and the Secretary has not
     suggested one, that EMA and Local 98 could
     have forced the Plan to divest itself of the
     note in a timely fashion.  We also note that
     ERISA had not been

_____

1

*Hon. John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

enacted at the time of the first transaction.  Thus, we conclude that EMA and Local 98 did not engage in an "act or practice" prohibited by ERISA and therefore they cannot be held liable by the Secretary pursuant to section 502(a)(5).  On the other hand, EMA and Local 98 were clearly active parties in the second transaction and therefore the Secretary has a cause of action against them on this transaction.

In the place of this text, the following text is inserted:

> Without deciding whether there is a theory under which parties such as EMA and Local 98 could be held liable based on a transaction of this nature, we affirm the decision of the district court with respect to this transaction because here the Secretary has not presented such a theory to us in a timely and adequate manner.

2.  On pages 29-30, the following text is deleted: Second, the legislative history of ERISA appears to contradict the position advocated by EMA and Local 98. The Senate Report stated

> The bill also makes a party in interest who participates in a prohibited transaction . . . personally liable for any losses sustained by the plan and for any profits made through using plan assets. . . . This liability is appropriate because in these situations often the party in interest is a major beneficiary of a fiduciary breach.

S. Rep. No. 93-383, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.A.A.N. 4890, 4989.

3.  On page 30, line 6, "Third" is changed to

"Second."  On page 31, line 17, "Fourth" is changed to "Third."

                              /s/ Samuel A. Alito

_____
                                        Circuit Judge

Dated:  September 8, 1995